ISIDORE SHERL, Appellant, v. BAYER, PRETZFELDER & MILLS, INC., Respondent.

First Department, July 6, 1925.

**Sales — action by seller to recover damages for breach of contract to manufacture and sell jewelry boxes to be made to order — plaintiff's proof establishes prima facie case — question for jury as to whether defendant ratified and accepted contract after it was incorporated.**

In an action to recover damages for the breach of a contract to manufacture and sell jewelry boxes which were to be made by the plaintiff according to specifications furnished by the defendant, the plaintiff's evidence established a *prima facie* case and it was error for the court to dismiss the complaint at the close of the plaintiff's case.

The plaintiff's evidence was sufficient to go to the jury on the question whether the defendant, a corporation, ratified and accepted the contract for the manufacture and sale of the boxes which was made with individuals who subsequently organized the defendant corporation.

APPEAL by the plaintiff, Isidore Sherl, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of New York on the 15th day of April, 1924, upon the dismissal of the complaint at the close of the plaintiff's case without prejudice to another action.

*Joseph Gans* [*C. Arthur Jensen* with him on the brief], for the appellant.

*Oscar Igstaedter*, for the respondent.

MARTIN, J.:

The plaintiff is a manufacturer of jewelry boxes. In three counts he alleges contracts by which defendant requested him to make and deliver at stated prices in installments certain quantities of boxes of different types all to be made in compliance with defendant's orders.

It is alleged by plaintiff that, after delivery of part of the goods called for by the contract, defendant notified him to stop manufacturing and plaintiff, accordingly ceased work, cutting up no more material. The portion cut, however, as well as the uncompleted boxes, had no value, it is alleged, to any one but defendant. Under each contract various lots were made up, delivered and accepted and paid for by defendant. The plaintiff seeks to recover the value of the material so used as well as the loss of profits. In the first count it is also alleged that, after a stated number of boxes had been delivered, defendant made changes in the order, the notice to stop work being received while goods were in the process of being manufactured in compliance with the substituted specifications.

In the second and third counts plaintiff alleges that all the boxes were made, that part were accepted and the remainder tendered and refused. In these two causes of action it is also set forth that defendant increased the quantities originally ordered.

In each count plaintiff alleges due performance on his part, excepting as to the contract first referred to, in so far as defendant directed him not to perform. At the trial, after plaintiff had rested, there was some discussion, mostly off the record. The court finally called for briefs, and the following morning dismissed the complaint. It is fair to assume from the record and the respondent's brief that the dismissal was due to the belief of the trial justice that plaintiff had not made out a *prima facie* case as to the amount of his damage. The following occurred: " The Court: Mr. Gans, you have not proven your case to my satisfaction and I shall dismiss the complaint. Mr. Gans: Will your Honor let me say something about it? The Court: I am satisfied about it. Mr. Gans: Will you let me put the plaintiff on the stand in regard to that. I think we can make it very clear. Mr. Igstaedter: I object to that. The Court: I will dismiss it. Mr. Gans: Exception. Dismiss without prejudice to the right of the plaintiff to commence a new action? The Court: Yes."

Amelia Sherl testified, in plaintiff's behalf, that she is employed by plaintiff, her brother, who is a manufacturer of jewelry boxes, having been so employed for about fourteen years; that in July, 1918, she had a talk with Mr. Bayer and Mr. Pretzfelder, representatives of defendant, and they gave her a written order for one hundred gross blue boxes at twelve dollars per gross; that of this order thirty-six gross were accepted and paid for by defendant in installments between October 24, 1918, and August 1, 1919; that the value of the material and the labor for which plaintiff declares in the first count was $302.50 and the profit which he would have made on the unmanufactured boxes was $327.50, in all $630; that neither the ten gross which were nearly finished nor the materials prepared for the remainder of the order can be used, because the size is unusual and they are not salable.

On cross-examination it appeared that Amelia Sherl had not personally made deliveries of boxes. Her testimony as to delivery was stricken out; but her testimony that defendant had paid $432 for thirty-six gross was permitted to stand. The plaintiff is not seeking to recover for the thirty-six gross.

Isidore Sherl, the plaintiff, testified that on the order of one hundred gross he had furnished and been paid for thirty-six gross in blue; that for the remaining sixty-four gross, which were to be made up in black and white, he had cut up all the material and

had nearly finished ten gross before defendant ordered him to do nothing further; that the labor and material, including the ten gross which were nearly finished, cost him $302.50; the profit which he would have made on the sixty-four gross, if he had been permitted to complete them, would have been $326.50.

In support of his second cause of action plaintiff contends that he proved defendant had ordered 10,000 convertible boxes at $130 per 1,000 and 13,000 ribbon boxes at $120 per 1,000; that plaintiff completed the entire order; that the defendant accepted and paid $1,183 for 9,100 convertible boxes and $732 for 6,100 ribbon boxes, at the rate stated, and that defendant refused to accept and pay for the balance, 900 convertible and 6,900 ribbon boxes.

In support of his third cause of action, plaintiff proved defendant had ordered 20,000 convertible boxes at $145 per 1,000, and 20,000 ribbon boxes at $140 per 1,000, as well as that plaintiff made them up ready for delivery; that defendant accepted and paid $1,022 for 7,300 ribbon boxes and $1,776.25 for 12,250 convertible boxes; and that 12,700 ribbon boxes and 9,750 convertible boxes were left in plaintiff's place, defendant refusing to accept them.

An impression prevailed at the trial that plaintiff's proof as to boxes delivered and accepted by defendant was insufficient and that, as a result, he had not proved damages with sufficient definiteness. But this view is not justified by the record. It cannot be said that there was such a failure of proof of all three causes of action as to require a dismissal at the end of plaintiff's case.

Counsel for defendant also moved to dismiss on grounds which would apply to an action for the price of goods sold and delivered. There was no merit in the application made on that ground although the court appears to have been influenced by the argument in its support.

A question was also raised whether the defendant, a corporation, had ratified and accepted the contract made with the individuals who subsequently organized the corporation. We believe there was enough evidence on this subject to go to the jury.

There should be a reversal of the judgment and a new trial ordered, with costs to the appellant to abide the event.

CLARKE, P. J., MERRELL, FINCH and BURR, JJ., concur.

Judgment reversed and new trial ordered, with costs to the appellant to abide the event.